*Judgment for the Commonwealth.*

## COMMONWEALTH vs. PROVIDENT INSTITUTION FOR SAVINGS.

Although a savings bank has invested a portion of its funds in United States securities, th. tax imposed by *Sts.* 1862, *c.* 224, and 1863, *c.* 164, may be assessed upon the whole average amount of its deposits, as therein provided, and may be collected in full.

CONTRACT brought against a savings bank to recover the balance of a tax of three eighths of one per cent. on the average amount of its deposits for six months preceding May 1st 1865, assessed under *Sts.* 1862, *c.* 224, and 1863, *c.* 164.

It was agreed in this court that the defendants were incorporated by *St.* 1816, *c.* 92, and have no capital or property except their deposits, and the stock, securities or other property in which those deposits have been or are invested. The average amount of deposits for the six months in question was $8,047,652.19; of which $1,327,000 stood invested in public funds of the United States. The defendants contended that they were not liable to be taxed for the amount of their deposits invested in United States securities; and they had paid the residue of the tax imposed upon them.

The case was reserved for the determination of the whole court.

*Reed,* A. G., for the Commonwealth.

*S. Bartlett & W. S. Dexter,* for the defendants.

BIGELOW, C. J. It has already been determined by this court, on full consideration, that the tax on savings banks imposed by *St.* 1862, *c.* 224, is not a tax on the property belonging to or held by those corporations, but is in the nature of an excise or duty on their franchises, or their rights granted to them

by the legislature to use, exercise and enjoy corporate privileges. Upon a reëxamination of the question, we see no reason to doubt the correctness of the conclusion at which we arrived in our former decision, in *Commonwealth* v. *People's Five Cents Savings Bank,* 5 Allen, 428. Regarded as a tax on property, it would be clearly invalid under the constitution of Massachusetts, pt. 2, *c.* 1, § 1, art. 4, because it is not " proportional ; " that is, it is not imposed in proportion to the whole amount of money to be raised by assessment on all the property in the Commonwealth, but is a fixed tax, laid on a certain class of corporations only. *Oliver* v. *Washington Mills,* 11 Allen, 268. *Dorgan* v. *Boston, ante,* 223. *Commonwealth* v. *Hamilton Manuf. Co. ante,* 298. An interpretation of the statute which would construe it as imposing a tax on property would neces‧ sarily involve the conclusion that the legislature had passed an act contrary to the constitution; a construction which cannot be adopted, inasmuch as the terms of the act may be reasonably held to lay an excise or duty on a franchise, which is clearly a legitimate exercise of power by the legislature under the au thority conferred upon it by the constitution.

It certainly cannot be contended that the franchise granted to and exercised by a savings bank is not a proper subject for an excise or duty. How is it to be graduated or measured ? It would not be reasonable to impose it arbitrarily, irrespective of the benefit or advantage which the exercise of corporate privileges conferred on the body on which the excise was laid. Some method must be resorted to in order to ascertain a fair and just basis on which to calculate the amount of the tax, so that there may be some proportion between the benefits received and the sum paid for their enjoyment. This is essential in order that the excise or duty may be " reasonable," as is required by the clause in the constitution already cited. In the statute under consideration the legislature have adopted as a rule, by which to ascertain the amount of the tax which each bank is to pay at stated periods, the extent of its business during the six months preceding. This is certainly a reasonable standard, because it graduates the amount of the excise on each franchise

according to the capacity of the corporation for business and the value of the privilege which it exercises under its charter. *Commonwealth* v. *People's Five Cents Savings Bank*, 5 Allen, 433.

It is a mistake to say that an excise so imposed operates as a tax on the property of or investments held by savings banks. A corporation is liable to pay the excise, although on the day when it is laid it may not have a dollar remaining on deposit. The statute requires that the tax shall be assessed, not on the property held by a bank or on the amount of its investments on a given day, but on the average amount of its deposits during the six months preceding. If therefore the depositors should have drawn out the full amount of all their respective deposits at any time during the six months, and the corporation should have sold, in order to pay them, all the property in its possession or which it had previously invested, the bank would still be liable for the tax. In such case, clearly it is imposed, not on property, because in the case supposed it would have none; but on the average amount of its deposits for that portion of the six months during which it held them prior to their withdrawal. How then can it be said to be a tax on property? If it is not a property tax in one case, it cannot be so regarded in any other. The nature of the tax does not vary with the condition or circumstances of each bank on which it is imposed.

But in a broader view, the tax authorized by the statute cannot be regarded as a tax on property. Its amount is not fixed or determined by a valuation of the property of the bank. The average of deposits during a certain period includes only the amount credited to depositors. It does not embrace a valuation of the investments made by the bank, or the market value of its property. The tax is assessed wholly irrespective of investments, and without any regard to the profit or loss made or incurred by the corporations on the property in its possession or on the business which it has carried on. The average of deposits during the period of time designated in the statute may not be equivalent to the whole property owned by the bank, exclusive of money invested in the securities of the government. The amount of the tax in no way depends or

the aggregate of the investments of the bank. It must be the same, whether investments have been profitable or otherwise. No valuation of property is necessary to the assessment of the tax, and none is in fact made. How then in any just sense can the assessment be deemed to be a tax on property?

The argument urged in behalf of the defendants, pushed to its legitimate and logical result, would seem to lead to the conclusion that a tax on the franchise of a savings bank is unlawful and unconstitutional to the extent to which the corporate property is invested in stocks of the United States. It is certainly true that any assessment imposed on a savings bank operates as an indirect tax on the property of the depositors. Owing to the peculiar nature of this class of corporations, all the property in their possession, with the interest, accumulations and profits thereon, belongs to the depositors. Every tax or assessment imposed on the corporation and paid out of its funds tends to diminish the amount of property held in trust for depositors. But does it necessarily follow that a franchise tax on this class of corporations is a tax on property? Clearly not. The corporation is a distinct legal entity, and is subject to be assessed for its corporate privileges in like manner as all other bodies exercising a franchise conferred by the legislature. No doubt the imposition of such a tax diminishes the profits of depositors and thereby tends to reduce the amount of deposits, so that the banks may have a smaller amount of money to invest in bonds or other securities of the United States. But we cannot see that this furnishes any reason for exempting them from a franchise tax, or renders its imposition unconstitutional and void. The fallacy of the argument urged in behalf of the defendants consists in assuming that the tax in question is a tax on deposits, and is therefore in substance a tax on investments. But, as has been already stated, the tax is not based on any valuation of the property of the bank, but solely on the value of its franchise, estimated by the extent to which it has used and enjoyed its corporate powers and privileges during the time for which the tax is assessed.

*Judgment for the Commonwealth.*